State v. Green

STATE OF NORTH CAROLINA v. ERNEST BUD GREEN

No. 7227SC483

(Filed 12 July 1972)

ON *certiorari* to review judgment of *Falls, Judge,* entered at the 7 December 1970 Session of CLEVELAND Superior Court.

By indictment proper in form defendant was charged with armed robbery on 7 July 1970. When the case was called for trial defendant tendered a plea of guilty as charged. The trial judge conducted a hearing to determine if the plea was freely, understandingly and voluntarily made. The record sets forth the written transcript of plea sworn to and subscribed by the defendant before an assistant clerk of the superior court. The transcript discloses that defendant, among other things, declared: he understood that he was charged with the felony of armed robbery, that the charge had been explained to him, that he had a right to plead not guilty and be tried by a jury, that he was in fact guilty and that a guilty plea could result in his imprisonment for as much as 30 years; that he had conferred with his lawyer about the case and was satisfied with his lawyer's services, and that neither the solicitor, his attorney, any policeman or anyone else had made any promise or threat influencing him to plead guilty.

The court questioned defendant about his guilty plea and following the inquiry adjudged that the plea was freely, understandingly and voluntarily made, without undue influence, com-

pulsion or duress, and without promise of leniency. After accepting the plea and hearing testimony from the robbery victim and from a police officer, the court entered judgment that defendant be imprisoned for a term of not less than 25 nor more than 30 years, with credit to be given for time served in jail awaiting trial.

In apt time defendant excepted to the judgment and gave notice of appeal. Thereafter, on motion of defendant, his appeal was withdrawn. On 21 February 1972 defendant petitioned for certiorari and on 8 March 1972 the Court of Appeals allowed the petition.

*Attorney General Robert Morgan by Claude W. Harris, Assistant Attorney General, for the State.*

*Hamrick & Hobbs by L. Lyndon Hobbs for defendant appellant.*

BRITT, Judge.

Defendant's court appointed counsel candidly admits that although he has carefully reviewed the record in this case he is unable to assign error but asks that this court review the record and determine if any error exists.

We too have carefully reviewed the record but find that it is free from prejudicial error. The judgment of the superior court is

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.